IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| PERRY D. DAVIS, | ) | 4:14CV3168 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| NEBRASKA DEPARTMENT OF CORRECTIONAL SERVICES, et al., | ) ) ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff filed his Complaint (Filing No. 1) in this matter on August 18, 2014. Plaintiff is a prisoner who has been granted leave to proceed in forma pauperis. (Filing No. 8.) The court now conducts an initial review of Plaintiff's claims to determine whether summary dismissal is appropriate under 28 U.S.C. §§ 1915(e) and 1915A.

I.   **SUMMARY OF COMPLAINT**

This matter is a civil rights action brought by Plaintiff pursuant to 42 U.S.C. § 1983. Plaintiff is an inmate incarcerated at the Tecumseh State Prison ("TSP") in Tecumseh, Nebraska. He sued 17 Defendants in their individual and official capacities. Defendants include 13 Nebraska Department of Correctional Services employees, Plaintiff's privately-retained attorney in his post-conviction proceedings, and the clerk of court, county attorney, and deputy county attorney in Sheridan County, Nebraska. (Filing No. 1 at CM/ECF pp. 2-3.) Plaintiff also named numerous John and Jane Does as Defendants, including 1 to 100 mail-room staff at TSP, and 1 to 100 Sheridan County officials. Plaintiff generally alleged in his Complaint that Defendants violated his right to access the courts and also conspired to violate his right to access the courts.

Plaintiff alleged that he commenced post-conviction proceedings in Sheridan County in 2010. During these proceedings, Defendant Eloise Kampbell, who is the clerk of the court in Sheridan County, "recieved [sic] but [did] not file[]" the following items, which he submitted pro se: a "Motion to Submit Evidence" received on April 5, 2010; a "Brief in Support of his Objection to State's Motion to Dismiss" received on May 5, 2010; and a "Motion to Submit Newly Discovered Evidence Material and Information" received on September 14, 2010.[1] (*Id.* at CM/ECF pp. 3-4.) Plaintiff alleged Sheridan County has a policy or practice of impeding his right to access the courts. (*Id.* at CM/ECF pp. 16-17.)

Plaintiff also alleged that on August 31, 2010, he placed two items into the legal mail system at TSP. As best as the court can tell from the Complaint and the exhibits attached to the Complaint, the two items were identical, except that one was to be sent "certified" to the Sheridan County clerk's office, and the other was to be sent to Defendant Dennis King, the county attorney in Sheridan County. The items were a "Motion to Submit Newly Discovered Evidence Material and Information." (*Id.* at CM/ECF p. 4.) Defendant Cathy Peters, the TSP mail room supervisor, delivered the non-certified item to the United States Postal Service the following day, but TSP mail room and canteen staff held the certified item for 10 days. According to the documents attached to Plaintiff's Complaint, the prison's chief executive officer apologized for the delay and explained that, because the mail was to be delivered "certified," it was sent through the canteen to ensure there was enough money in Plaintiff's account to cover the cost for certification. (*Id.* at CM/ECF p. 38.) In addition, the prison director explained to Plaintiff there had been a "communications break down between the [TSP] canteen staff and the mail room staff on how to place postage on oversized mail," which "ha[d] been corrected." (*Id.* at CM/ECF p. 42.)

---

[1]This specific motion is also the subject of Plaintiff's conspiracy claims against prison staff and county officials, claims which are discussed in more detail below.

Plaintiff alleged corrections officials and county officials conspired to delay this mail (i.e., the "Motion to Submit Newly Discovered Evidence Material and Information") so that it would be received by the Sheridan County clerk's office after the statute of limitations had expired for filing such motions. (*Id.* at CM/ECF pp. 16-17.) He also alleged the State of Nebraska and Sheridan County have a policy or custom of impeding his right to access the courts. (*Id.*) He seeks monetary relief in excess of $119,000,000.00. (*Id.* at CM/ECF pp. 18-19.)[2]

## II.   APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review prisoner and in forma pauperis complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate. *See* 28 U.S.C. §§ 1915(e) and 1915A. The court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A.

Therefore, where pro se plaintiffs do not set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible, their complaint must be dismissed" for failing to state a claim upon which relief can be granted. *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 569-70 (2007) (overruling *Conley v. Gibson,* 355 U.S. 41 (1957), and setting new standard for failure to state a claim upon which relief may be granted). Regardless of whether a plaintiff is represented or is appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state

---

[2]Plaintiff describes an incident in his Complaint in which TSP staff searched through his legal mail outside of his presence. (Filing No. 1 at CM/ECF p. 17.) The court does not construe the Complaint to be asserting an entitlement to relief based on this incident because Plaintiff plainly states that the incident will be the subject of a lawsuit in state court.

3

a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). However, a pro se plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dep't of Corr. & Rehab.*, 294 F.3d 1043, 1043-44 (8th Cir. 2002) (citations omitted).

### III. DISCUSSION OF CLAIMS

#### A. Rules of Pleading

Plaintiff named 17 individuals as defendants, but only three of them—Eloise Kampbell, Cathy Peters, and Brian Silverman—were actually referred to in Plaintiff's recitation of the facts. (*See* Filing No. 1 at CM/ECF pp. 3-4.) Rather, Defendants' names are strewn throughout the 82 exhibits attached to the Complaint. These 82 exhibits consist of 225 pages of documents.

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). With few exceptions, Plaintiff's allegations do not give Defendants fair notice of the claims against them. Thus, in the paragraphs that follow, the court will address the claims the undersigned judge is able to discern from reviewing the Complaint and attachments. However, as discussed below, Plaintiff will be provided with an opportunity to file an amended complaint. In order to ensure a just and fair resolution of this matter, Plaintiff should be mindful to explain in his amended complaint what *each* defendant did to him, when the defendant did it, and how the defendant's actions harmed him.[3]

---

[3] In other words, Plaintiff should avoid providing the following kinds of blanket assertions and general citations to exhibits:

**B.     Sovereign Immunity**

Plaintiff seeks monetary relief from numerous state employees in their individual and official capacities. The Eleventh Amendment bars claims for damages by private parties against an employee of a state sued in the employee's official capacity. *See, e.g.,* *Egerdahl v. Hibbing Cmty. Coll.,* 72 F.3d 615, 619 (8th Cir. 1995); *Dover Elevator Co. v. Arkansas State Univ.,* 64 F.3d 442, 446-47 (8th Cir. 1995). Any award of retroactive monetary relief payable by the state, including for back pay or damages, is proscribed by the Eleventh Amendment absent a waiver of immunity by the state or an override of immunity by Congress. *See, e.g., Dover Elevator Co.,* 64 F.3d at 444; *Nevels v. Hanlon,* 656 F.2d 372, 377-78 (8th Cir. 1981).

The record before the court does not show that Nebraska waived, or Congress overrode, sovereign immunity in this matter. Accordingly, Plaintiff's claims for monetary relief against the state-employee defendants in their official capacities must

---

Defendant's [sic] Sheridan County, Sheridan County Attorney, Dennis King, Deputy Sheridan County Attorney, Jamian Simmons, Clerk of Sheridan County District Court, Eloise Kampbell, and all other Sheridan County Official's [sic] known and unknown Jane and John Doe's [sic] have policies or unofficial Custom or official Custom of not filing Plaintiff's pro se motions and Confiscated and Searched and Seized Plaintiff's Legal Mail and Petitions with the deliberate, intentional, and calculated intent to impeed [sic] and frustrate Plaintiff's access to the Courts in violation of Plaintiff's rights under the First, Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution and the Constitution of the State of Nebraska Artical [sic] 1. Sections 3, 7, 9, and 11 Amendments to access to the Courts and Meaningfull [sic] access to the Courts. (SEE: EXHIBITS #1, #5, #7, #8, #9 through #13, #19 through #26, #41, #49, #50, #51, #53, #54, #55, #60 through #63).

(Filing No. 1 at CM/ECF pp. 17-18.)

be dismissed. However, sovereign immunity does not bar Plaintiff's damages claims against state officials acting in their individual capacities.

### C.  Access to Courts Claim Against Prison Officials

Plaintiff complains that prison staff took 10 days to send out his legal mail (a "Motion to Submit Newly Discovered Evidence Material and Information"), which was addressed to a county court clerk. It is well established "that prisoners have a constitutional right of access to the courts." *Bounds v. Smith*, 430 U.S. 817, 821 (1977). To prevail on an access to courts claim, a prisoner must establish that he sustained "an actual injury." *Moore v. Plaster*, 266 F.3d 928, 933 (8th Cir. 2001). To demonstrate "actual injury," the prisoner must show "'that a nonfrivolous legal claim had been frustrated or was being impeded.'" *Id.* (quoting *Johnson v. Missouri*, 142 F.3d 1087, 1089 (8th Cir. 1998)). "[A]n isolated incident, without any evidence of improper motive or resulting interference with [the inmate's] right to counsel or to access to the courts, does not give rise to a constitutional violation." *Gardner v. Howard*, 109 F.3d 427, 431 (8th Cir. 1997) (internal quotation marks omitted).

Plaintiff did not allege that he suffered an actual injury as a result of Defendants' actions. For example, Plaintiff did not allege that the delay resulted in the state district court's failure to consider his motion. Rather, Plaintiff's Complaint and the corresponding attachments suggest that the delay in sending out Plaintiff's legal mail was a one-time brief, non-content based mail delay. On the court's own motion, Plaintiff will have 30 days in which to file an amended complaint that sufficiently alleges an access to courts claim against Defendants. If Plaintiff fails to file an amended complaint in accordance with this Memorandum and Order, this matter will be dismissed for failure to state a claim upon which relief may be granted.

### D.  Access to Courts Claim Against Sheridan County Clerk

Plaintiff alleged Defendant Eloise Kampbell, the Sheridan County clerk, "received but [did] not file[]" the following items, which he submitted to the court pro se: a "Motion to Submit Evidence" received on April 5, 2010; a "Brief in Support of his Objection to State's Motion to Dismiss" received on May 5, 2010; and a "Motion to Submit Newly Discovered Evidence Material and Information" received on September 14, 2010. (Filing No. 1 at CM/ECF pp. 3-4.)

As above, Plaintiff did not allege an actual injury resulted from Kampbell's actions. Moreover, the "Motion to Submit Newly Discovered Evidence Material and Information"— which Plaintiff alleged was "received" but not "filed"—is included in the exhibits attached to the Complaint. (*See id.* at CM/ECF p. 50.) The file stamps on the document reflect that it was both received and filed on September 14, 2010.

On the court's own motion, Plaintiff will have 30 days in which to file an amended complaint that sufficiently alleges an access to courts claim against Kampbell. If Plaintiff fails to file an amended complaint in accordance with this Memorandum and Order, this matter will be dismissed for failure to state a claim upon which relief may be granted.

### E. Conspiracy Claims

Plaintiff alleged prison officials conspired with county officials to delay his mail "so that it would be received past the three year Statute of Limitations for filing 'Newly Discovered Evidence.'" (Filing No. 1 at CM/ECF p. 17.) Plaintiff also alleged his retained counsel conspired with county officials to frustrate his access to the courts. (*Id.* at CM/ECF p. 18.)

In order to state a conspiracy claim, "the plaintiff must at least allege that the defendants had directed themselves toward an unconstitutional action by virtue of a mutual understanding, and provide some facts suggesting such a meeting of the

minds." *Haley v. Dormire*, 845 F.2d 1488, 1490 (8th Cir. 1988) (internal quotation marks omitted).

Plaintiff's allegations that prison officials conspired with county officials to delay his mail are conclusory and do not include specific facts showing that the conspirators had a meeting of the minds to violate his civil rights. Plaintiff's allegations that his attorney conspired with county officials are also conclusory. Because the court is not required to supply additional facts or construct a legal theory that assumes facts that have not been clearly pleaded, the court finds that Plaintiff fails to state a civil conspiracy claim upon which relief may be granted. On the court's own motion, Plaintiff will be given an opportunity to plead sufficient facts to state a civil conspiracy claim upon which relief may be granted.

### F.     State-Law Claims

Pending amendment of Plaintiff's federal claims, the court makes no finding at this time as to the validity of Plaintiff's state-law claims or whether the court has jurisdiction over them.

## IV.    MOTION TO APPOINT COUNSEL

Plaintiff seeks the appointment of counsel. (*See* Filing No. 4.) The court cannot routinely appoint counsel in civil cases. In *Davis v. Scott*, 94 F.3d 444, 447 (8th Cir. 1996), the Eighth Circuit Court of Appeals explained that "[i]ndigent civil litigants do not have a constitutional or statutory right to appointed counsel. . . . The trial court has broad discretion to decide whether both the plaintiff and the court will benefit from the appointment of counsel . . . ." *Id.* (quotation and citation omitted). No such benefit is apparent here at this time. Thus, the request for the appointment of counsel will be denied without prejudice to reassertion.

IT IS THEREFORE ORDERED THAT:

1.     Plaintiff is given 30 days from the date of this Memorandum and Order to file an amended complaint that clearly states claims against Defendants upon which relief can be granted. Plaintiff should be mindful to explain in his amended complaint what *each* Defendant did to him, when the Defendant did it, and how the Defendant's actions harmed him. In the amended complaint, Plaintiff may refer to his exhibits, but may not solely rely on them to describe his claims against Defendants.

2.     The court reserves the right to conduct further review of Plaintiff's claims pursuant to 28 U.S.C. § 1915(e)(2) after Plaintiff address the matters set forth in his Memorandum and Order.

3.     The Clerk of the court is directed to set a pro se case management deadline in this matter with the following text: January 5, 2015: check for amended complaint.

4.     Plaintiff must keep the court informed of his current address at all times while this case is pending. Failure to do so may result in dismissal of this matter without further notice.

5.     Plaintiff's Motion to Appoint Counsel (Filing No. 4) is denied without prejudice to reassertion.

9

DATED this 1st day of December, 2014.

BY THE COURT:

*s/ John M. Gerrard*
United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.